EDWARD A. DUFRESNE, JR., Chief Judge.
|2This is an appeal by Gaming Venture, Inc. (GVI), plaintiff-appellant, from a partial summary judgment dismissing its claims against Tastee Restaurant Corporation, et al., defendants-appellees, in this action for breach of video poker machine contracts. The trial judge determined that the contracts were absolute nullities and entered judgment in defendants’ favor. For the following reasons we affirm that judgment.
In late 2000, the parties signed two agreements relating to the installation and operation of video poker machines. The first, a non-exclusive video poker distribution license contract, authorized GVI to install the machines in various Tastee locations. The second, a gaming device placement agreement, authorized installation of machines at location # 73 only. For disputed reasons none of these machines were ever installed.
GVI brought this action contending that Tastee and its owners and officers had breached these agreements, and sought as damages the loss of profits. After | ¡^protracted preliminary litigation, several motions for summary judgment were filed. Defendants urged four such motions. In the first and second, related to Tastee outlets # s 59 and 69, they contended that these stores were independent entities, that the named defendants had no authority to act for these stores, and that they were not parties to any contracts between those stores and GVI. These motions were granted and those results are not contested here.
The third motion concerns outlet # 73. Defendants urged that the two agreements were nullities because they had never been properly submitted to the Video Gaming Division of the Office of State Police as required by the Video Draw Poker Devices Control Law, La. R.S. 27:301 et seq. The trial judge agreed with this argument, finding that no suitability determination as to the #73 location had been made as required by Sec. 310(D) of the law, and granted this motion as well. GVI now appeals that determination.
GVI first argues that the provisions of La. R.S. 27:310 apply only to “persons,” and not to locations. While we agree that the trial judge may have mis-characterized the issue as involving the “location,” it is nonetheless the law that a location’s owners must be subjected to a suitability determination before receiving a license. No such determination was made here and the result reached by the trial judge is correct. We also note that La. R.S. 27:301(B)(11) defines “person” as “any individual, partnership, corporation, or other legal entity.”
It next argues that both GVI and store # 73 had previously been deemed “suitable” by the Video Gaming Division, and therefore no further submission of information was needed. Again, the law is otherwise. The Louisiana Administrative Code, Title 42, Part XI, sec. 2411(H)(2) provides that “ [a]ll applicants and licensees shall submit copies of all written contracts pertaining to the operation of video gaming devices ... to which they are a party or intend to |4become a party within 10 business days of signing or making such contract” (Emphasis added). Sec. 2411(H)(4) further provides that “[n]o licensee shall enter into or continue any contract with any person, natural or juridical, whom the division determines to be unsuitable.” The statute clearly contem *517 plates that even persons already licensed to operate video poker machines must submit any new contracts for approval by the Video Gaming Division. Moreover, La. R.S. 27:306(H)(2) provides that failure to disclose changes in prior qualification and suitability information shall result in denial of a license.
GVI next argues that because the object of the contracts was a legal enterprise, they could not be against public policy. The trial judge found that no paperwork had been submitted in regard to the contracts at issue and implicitly concluded that they never came into effect. He further determined that without proper submission and approval, enforcement of the contracts would violate public policy. Under La. R.S. 27:309(B), any person operating a video poker machine without complying with all of the requirements for obtaining a license shall upon conviction be subject to up to ten years imprisonment with or without hard labor and fined up to $10,000. The judge was thus correct in concluding that enforcement of these contracts would clearly be against public policy-
GVI also asserts that dismissal of the officers and stockholders, as well as Tas-tee, was improper because it precluded its presenting a case against them for detrimental reliance, interference with contracts and misrepresentations. Our interpretation of the judgment at issue here is that it dismisses the individual defendants from any actions growing out of, or giving effect to, the two contracts under review. It is that judgment that we affirm. While it is difficult to ascertain what causes of action remain in this case, the trial judge apparently deemed that there were matters still pending because he designated the judgment here as an | ^appealable partial final judgment pursuant to La.Code. Civ. Pro. art. 1915(B). In any case, matters not encompassed in the judgment before us are not under review here and need not be addressed further.
Defendants’ fourth motion for summary judgment, relating to a reconven-tional demand, was denied. Denial of a motion for summary judgment is not an appealable judgment, and therefore we need not consider that assignment further.
For the foregoing reasons the partial summary judgment in this matter is hereby affirmed.

AFFIRMED AND REMANDED.